QUESTION PRESENTED AND CONCLUSION
Is the automatic repeal of the exemption from taxation of all sales of precious metal bullion and coins under statutory taxation provisions in place prior to the effective date of Article 10, Section 20, a tax policy change requiring voter approval?
No. The Act's tax scheme including the exemption and repealer was established before Article 10, Section 20 became effective. Because the tax scheme contemplates the termination of the exemption within the context of the scheme it is not a "tax policy change" within the meaning of Article 10, Section 20.
ANALYSIS
On November 3, 1992, Colorado's citizens adopted Amendment One to the state constitution. The amendment, which now appears as Article 10, Section 20 of the Colorado Constitution, is commonly referred to as TABOR (the "Taxpayers' Bill of Rights"). The amendment states in pertinent part that starting November 4, 1992, districts, including the State, must have advance voter approval for:
 any new tax, tax rate increase, mill levy above that for the previous year, valuation for assessment ratio increase for a property class, or extension of an expiring tax, or a tax policy change directly causing a net tax revenue gain to any district.
Colo. Const. art. 10, § 20(4). The question presented is whether the exemption from sales tax for precious metal bullion and coins and the automatic repealer of such exemption enacted prior to the passage of Amendment #1 is "a tax policy change directly causing a net revenue gain" under Amendment #1 requiring voter approval.
The tax policy in effect at the time Amendment #1 was passed was that metal bullion and coins were subject to taxation except for a period of five years from 1990 until April 17, 1995. Colorado Revised Statutes §§ 39-26-114(17)(a) and (c) provide:
 (17) (a) All sales of precious metal bullion and coins, as defined in section 39-26-102, which are substantially equivalent to transactions in securities or commodities through a national securities or commodities exchange shall be exempt from taxation under this part 1.
. . .
 (c) This subsection (17) is repealed, effective April 17, 1995.
Metal bullion and coins become subject to taxation on April 17, 1995, without any legislative action. The passage of Amendment #1 did not void the sunset of the repealer in effect at the time of its passage.
The general assembly may enact legislation continuing the exemption from taxation; however, in the future when such continued exemption from taxation terminates, then such termination of the exemption and the resulting imposition of the tax would be a tax policy change. Such tax policy change would trigger the need for advance voter approval, assuming a resultant net revenue gain.
Because the present tax structure was enacted in 1990, and therefore was in place before TABOR became effective on November 4, 1992, the elimination of the exemption which occurs by operation of this scheme is not a tax policy change or other event within the meaning of TABOR's subsection (4). Therefore, imposition of the tax is not a tax policy change requiring voter approval.
SUMMARY
The General Assembly established a tax policy prior to the enactment of Article 10, Section 20, of the Constitution. Such policy included an exemption from taxation for precious metal bullion and coins until April 17, 1995, at which time, without any further legislative action, such bullion and coins would be subject to taxation. Under this previously set design there is not a tax policy change which would require voter approval.
 GALE A. NORTON Attorney General
 MERRILL SHIELDS Deputy Attorney General
TAXATION AND REVENUE
§ 39-26-114(17)(a), C.R.S. § 39-26-114(17)(c), C.R.S.
Colo. Const. art. 10120(4)
Amendment I